IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, #303575, | ) CIVIL ACTION NO. 9:11-2296-RBH-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Associate Warden Shirley Singleton; | ) |
| Warden Levern Cohen; Director | ) |
| William R. Byars, Jr., individually | ) |
| and in their official capacities, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This action has been filed by the Plaintiff, <u>pro se</u>, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants. Plaintiff is a frequent filer of litigation in this Court.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on October 10, 2011. As the Plaintiff is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on October 11, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. After receiving an extension of time, Plaintiff filed a response in opposition as well as a motion for summary judgment on December 5, 2011. Defendants filed a response in opposition to Plaintiff's motion for summary judgment that same day.



These motions are now before the Court for disposition.[1]

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); and as the Plaintiff is proceeding <u>pro se</u>, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff alleges in his verified complaint that he is an inmate at the Ridgeland Correctional Institution (RCI), and that on November 8, 2010 he went before the RCI Disciplinary Committee on a charge of threatening to inflict harm on an SCDC employee, Institution Charge 809. Plaintiff alleges that the Defendant Singleton, the hearing officer, violated SCDC policy as well as his due process rights under the Fourteenth Amendment when she refused to allow Plaintiff to call

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss and the Plaintiff has filed a motion for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



his then roommate, Ricky Richardson, as a witness. Plaintiff has named the Defendant Cohen, Warden of the Institution, as a party Defendant because Cohen "refused to overturn [Singleton's] decision". The Defendant Byars, Director of SCDC, is named as a Defendant because he also refused to overturn the decision. Plaintiff seeks monetary damages for a violation of his constitutional rights. <u>See</u> <u>generally</u>, <u>Complaint</u>. Defendants argue in their motion to dismiss that Plaintiff is challenging his disciplinary conviction, and that this case is therefore barred by <u>Heck v. Humphry</u>, 512 U.S. 477 (1994), which requires that Plaintiff must first have his disciplinary conviction overturned before he can bring a damages claim under § 1983. However, Defendants are not entitled to a Rule 12 dismissal of Plaintiff's Complaint on this ground at this time.

With respect to Plaintiff's claim for damages relating to his disciplinary hearing, in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, Defendants are correct that a § 1983 Plaintiff must ordinarily prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determinations, or called into question by a Federal Court's issuance of a writ of habeas corpus. <u>Heck</u>, 512 U.S. at 486-487. Although <u>Heck</u> involved a conviction in a court of law, the holding in <u>Heck</u> is equally applicable to cases which implicate the validity of an internal prison disciplinary conviction and sanction. <u>Cf</u>. <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997)[Applying <u>Heck</u> to claim challenging a disciplinary proceeding.]; <u>see</u> <u>Stone-Bey v. Barnes</u>, 120 F.3d 718, 721 (7th Cir. 1997)["The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the Plaintiff's Section 1983 claim necessarily would imply the invalidity of that finding, then <u>Heck</u> bars the claim until such time as its requirements are satisfied"].

3



However, while no evidence has been presented to the Court show that Plaintiff's disciplinary conviction has been overturned, neither Plaintiff nor the Defendants have alleged that Plaintiff was docked any good time credits as a result of this conviction, nor is there any allegation in Plaintiff's Complaint that this disciplinary conviction affects the length of Plaintiff's overall sentence. <u>Cf</u>. <u>Roller v. Cavanaugh</u>, 984 F.2d 120, 122 (4th Cir. 1993)[allowing § 1983 claim where suit did not challenge fact or duration of confinement]; <u>Pierce v. Freeman</u>, No. 95-7031, 1997 WL 467533 (4th Cir. 1997) [holding that a prisoner cannot proceed on a § 1983 claim challenging the validity of a disciplinary proceeding resulting in the deprivation of good-time credits]; <u>see also</u> <u>Torres v. Fauver</u>, 292 F.3d 141, 148-149 (3d Cir. 2002)[Recognizing that a Plaintiff may pursue a § 1983 claim challenging disciplinary proceedings when only the conditions, not the fact or duration, of his confinement are challenged]. Indeed, neither the Plaintiff or the Defendants state what penalty was imposed as a result of Plaintiff's disciplinary conviction.

In any event, while it is readily apparent from a plain reading of Plaintiff's Complaint that he disagrees with his conviction and grieved that issue, Plaintiff does not seek to have his conviction overturned in this lawsuit. Rather, he seeks monetary damages for an alleged violation of his constitutional rights when the Defendant Singleton did not allow him to call a witness at the hearing. <u>Strader v. Troy</u>, 571 F.2d 1263 (4th Cir. 1978) [Where an inmate challenges the application to him of certain rules or procedures, but does not argue that he is entitled to immediate release or a speedier release, he may assert such a claim in federal court under 42 U.S.C. § 1983]. While it is difficult to discern what monetary damages Plaintiff would be entitled to for this claim, other than



nominal,[2] even if he were to succeed on his claim if the outcome of the disciplinary hearing would not have been different even with this testimony,[3] the only issue before the Court at this time is whether this allegation is sufficient to state a claim under § 1983 for purposes of a Rule 12 motion.

In the prison disciplinary setting, an inmate is entitled to only a minimal standard of due process, and prison officials ordinarily meet this minimal standard if the following requirements are satisfied:

1.  Advance written notice of the charges;

2.  A written statement, citing the evidence on which the decider relied and the reasons for the action taken; and

3.  The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004).

Here, Plaintiff alleges that his due process rights were violated because he was not allowed to call a witness. This allegation is sufficient to state a claim under Wolff, particularly in the absence of any evidence establishing that Singleton's decision was not a due process violation under the facts and circumstances of Plaintiff's disciplinary hearing. Moran, 924 F.2d at 137 ["Prison officials may not

---

[2]Cf.Moran v. Farrier, 924 F.2d 134 (8th Cir. 1991)[affirming award of $250 in damages for detention resulting from hearing where prison officials arbitrarily refused to call witnesses at disciplinary hearing]; Patterson v. Coughlin, 905 F.2d 564 (2d Cir. 1990)[inmate entitled to at least nominal damages where there was a clear denial of due process]. However, it is noted that even in these cases, the award of nominal damages was predicated on the sanctions that had been imposed after an improper or overturned conviction, a fact not present in the case at Bar.

[3]Of course, if the evidence adduced through discovery shows that a successful prosecution of this claim by the Plaintiff would call into question his underlying conviction which could affect the duration of time to be served, Defendants may seek a dismissal under Heck at that time. Muhammod,540 U.S. at 754.

5



arbitrarily deny an inmate's request to call witnesses at a disciplinary hearing"]; see Ashcroft, 129 S.Ct. at 1949 [Rule 12 motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face"]; Rule 8, Fed.R.Civ.P. [stating that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."]; cf. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988). Therefore, the Defendants are not entitled to dismissal of this case under Rule 12.

However, Plaintiff is also not entitled to summary judgment. In order to be entitled to summary judgment, Plaintiff must present evidence sufficient to show that there is no genuine issue as to any material fact, and that he is entitled to judgment as a matter of law. See Rule 56, Fed.R.Civ.P. Other than the factual allegations of Plaintiff's Complaint, considered to be evidence for purposes of Plaintiff's motion[4], Plaintiff has presented no evidence to support his claim for relief. Assuming for purposes of summary judgment that the Defendant Singleton did not allow Plaintiff to call a witness at his Disciplinary Hearing, as Plaintiff alleges, that does not mean that a due process violation occurred or that Plaintiff is entitled to any damages. First, to the extent Plaintiff contends

---

[4]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



that Singleton's conduct, or the conduct of either of the other two Defendants, violated prison policies and/or procedures, that is not in an of itself a compensable claim in a § 1983 action.  Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]); see also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990));  Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

It must also be noted that, while Plaintiff is entitled to a hearing and/or other procedural safeguards for protected interests, such as the loss of good time credits, he is not actually entitled to a due process hearing every time action is taken to control his behavior.  Owens v. Padula, No. 06-3014, 2007 WL 2116440 at * 7 (D.S.C. July 19, 2007).  Rather, the extent of the process required depends on the charge and sanctions imposed.  See generally, Wolff, 418 U.S. at  557; Sandin v. Connor, 515 U.S. 472, 478 (1995)[The "Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner"]; cf. Ordaz v. Lynaugh, 20 F.3d 1171, at * * 2 (5th Cir. 1994)["Wolff . . . does not determine the procedural requirements for disciplinary action such as restriction of commissary privileges."]; Bazzetta v. McGinnis, 430 F.3d 795, 802-05 (6th Cir. 2005)[regulation banning virtually all visitation for inmates found guilty of two or more violations of major misconduct charge of substance abuse was not a



dramatic departure of a typical and significant hardship in relation to ordinary incidents of prison life necessary to implicate a state-created liberty interest, and thus did not rise to level of egregious conduct necessary to violate the guarantees of Fourteenth Amendment's procedural due process clause]; Tanney v. Boles, 400 F. Supp.2d 1027, 1040 (E.D. Mich. 2005)[inmate's loss or restriction of telephone privileges for disciplinary reasons is not considered an atypical significant hardship, even when the disciplinary charges are allegedly false, and therefore does not implicate a liberty interest protected by due process]; see Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1083 (5th Cir. 1991)[Less procedural safeguards are required where sanctions are not severe].

In any event, there are various reasons why live inmate testimony is sometimes not allowed at disciplinary hearings, and the Defendants may well be able to prove that, under the circumstances of Plaintiff's case, no due process violation occurred. See Segarra v. McDade, 706 F.2d 1301, 1309 (4th Cir. 1983)["The special circumstances of a prison - among them, the special concerns of institutional security and of correction and rehabilitation - can circumscribe an inmate's right . . . to call a witness in his behalf."]; cf. McGuinness v. Dubois, 75 F.3d 794, 797-800 (1st Cir. 1996)[No due process violation found where affidavits were considered at disciplinary hearing instead of live testimony, and noting that, to the extent a state law or policy was violated, that was a matter for state judicial review, and had no application to a § 1983 action claiming a deprivation of rights secured by the federal Constitution and laws]; Gallishaw v. Reed, 09-2556, 2010 WL 2622931, at * 6 (D.S.C. May 28, 2010), adopted by, 2010 WL 2622929 (D.S.C. June 24, 2010). Therefore, Plaintiff is not entitled to summary judgment in this case at this time.

### Conclusion

Based on the foregoing, it is recommended that the Defendants' Rule 12 motion to



dismiss and the Plaintiff's Rule 56 motion for summary judgment both be **denied.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 24, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

