IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, #303575, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Associate Warden Shirley Singleton; )<br>Warden Levern Cohen; Director )<br>William R. Byars, Jr., individually )<br>and in their official capacities, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 9:11-2296-MGL |

Vernon Samuel Brown ("Plaintiff"), an inmate with the South Carolina Department of Corrections ("SCDC"), filed this action pursuant to 42 U.S.C. § 1983 on August 29, 2011, alleging that Defendants violated his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e) for the District of South Carolina, the within action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On October 10, 2011, Defendants filed a motion to dismiss. (ECF No. 13). Plaintiff filed a motion for Summary Judgment on December 5, 2011. (ECF No. 18.)

**Background**

Plaintiff is an inmate housed at the Ridgeland Correctional Institution("RCI") in Ridgeland, South Carolina. Plaintiff alleges that his constitutional rights were violated on November 8, 2010 when he went before the RCI Disciplinary Committee on a charge of threatening to inflict harm on an SCDC employee. Plaintiff alleges that the Defendant Singleton, the hearing officer, violated SCDC policy as well as Plaintiff's due process rights under the Fourteenth Amendment when she

1

refused to allow Plaintiff to call his then roommate, Ricky Richardson, as a witness.

**Discussion**

Plaintiff seeks monetary damages for the alleged violation of his constitutional rights. Defendants filed a Motion to Dismiss on October 10, 2011 pursuant to Rule 12. (ECF No. 13.) Defendants contend that Plaintiff is challenging his disciplinary conviction, and that this case is barred by *Heck v. Humphry* which requires that a Plaintiff must first have his disciplinary conviction overturned before he can bring a damages claim under § 1983. *Heck v. Humphry*, 512, U.S. 477 (1994). The Magistrate Judge agreed with Defendants that if Plaintiff's claim for damages arose out a challenge to his disciplinary conviction, then Plaintiff's case would be barred by *Heck v. Humphry* until his disciplinary conviction was overturned. However, in this case, the Magistrate Judge found *inter alia* that no evidence had been presented to the Court indicating Plaintiff was challenging his disciplinary conviction. The Magistrate Judge determined that the only issue before the Court, at this time, is whether Plaintiff has set forth allegations sufficient to state a claim under § 1983 for purposes of a Rule 12 motion. Based on the information before the Court, the Magistrate Judge found that he could not say that Plaintiff would not be entitled to relief under any legal theory which might plausibly be indicated by the facts. *See Ashworth v. Iqbal*, 129 S.Ct. 1937. (2009.) Thus, the Magistrate Judge recommended that the Court deny Defendants' Motion to Dismiss and allow Plaintiff's case to proceed. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). The Magistrate Judge also recommended the Court deny Plaintiff's Motion for Summary Judgment due to Plaintiff's failure to present evidence sufficient to show that there is no genuine issue of material fact.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Defendants object to the Magistrate Judge's recommendation. Defendants reiterate their contention that the complaint should be dismissed because a judgment in Plaintiff's favor would necessarily imply the invalidity of the disciplinary proceeding, and is barred by *Heck v. Humphrey*. Defendants further suggest that the Magistrate Judge's recommendation is not supported by Fourth Circuit precedent. Upon review, the Court disagrees. In this matter, the Magistrate Judge did not indicate that Plaintiff was entitled to relief. Instead the Magistrate Judge found at this stage of the case, the only issue before the Court was whether Plaintiff has set forth allegations sufficient to state a claim under § 1983 for purposes of a Rule 12 motion. As set forth by the Magistrate Judge, when considering a Rule 12 motion to dismiss, the Court is required to accept allegations in the pleadings as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can only be granted if the Plaintiff has failed to set forth sufficient factual matters to "state a claim for relief that is plausible its face". *Ashworth v. Iqbal* at 1949.. Defendants' objections are overruled.

No objections have been filed to the Magistrate Judge's Recommendation that Plaintiff's Motion for Summary Judgment be denied. This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered. In the absence of objections to the Report and Recommendation of the Magistrate

Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (quoting Fed.R.Civ.P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

## Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the Court accepts the Recommendation of the Magistrate Judge and incorporates it herein. Defendants' Motion to Dismiss is DENIED and Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

October 4, 2012
Spartanburg, South Carolina