IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, #296097, ) | Civil Action No. 9:11-2296-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                                    ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Associate Warden Shirley Singleton, ) | |
| Warden Levern Cohen, and Director ) | |
| William R. Byars, Jr., Individually and ) | |
| their official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

      This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants, all employees of the SCDC.

      The pro se Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 14, 2012. Following an extension of time, the Defendants filed their own motion for summary judgment and response in opposition to Plaintiff's motion on February 4, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 5, 2013, advising Plaintiff of the importance of Defendants' motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

      Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on February 28, 2013, to which Defendants filed a reply on March 4, 2013. These motions are now



- 1 -

before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified Complaint[2], in toto, as follows:

> On November 8, 2010 I inmate Vernon Samuel Brown 303575 went before the Ridgeland Correctional Institution Disciplinary Committee for the Institutional's charge of 809 (threatening to inflict harm on a S.C.D.C. Employee around the approximate time 11:35 A.M. Shirely Singleton whom been the hearing officer at that time has violated the S.C.D.C. policy/procedure, also she violated the fourteenth Amendment of my constitutional rights. She refused to allow me to call my then-roommate Ricky Richardson for an witness. That violation due process. Warden Levern Cohen is named because he refused to overturned her decision. Director William R. Byars is named in this case because he refused also to over turned her decision and the wardens decision I am sue everyone individually and in their official capacities

Plaintiff seeks monetary damages for alleged violations of his constitutional rights. See generally, Verified Complaint.

As an attachment to his motion for summary judgment, Plaintiff has submitted an affidavit wherein he attests that he is currently housed at the Kershaw Correctional Institution (part of the SCDC system), but that on November 8, 2010 while at the Ridgeland Correctional Institution he went before the Disciplinary Adjustment Committee on the charge of threatening to inflict harm on an SCDC employee. Plaintiff further attests that he requested that his then roommate Ricky Richardson be called as a witness, and that he was denied this right by the Defendant Singleton. See generally, Plaintiff's Affidavit.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Both parties have filed motions for summary judgment. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



As an attachment to his response to the Defendants' motion for summary judgment, Plaintiff has submitted a "Declaration", in which Plaintiff attests that a couple of hours before his hearing, he told the Defendant Singleton that he would like to call his roommate Ricky Richardson as a witness, but that Singleton refused to allow him to call his witness. See generally, Plaintiff's Declaration. Plaintiff has also submitted, as an attachment to his response to the Defendants' motion for summary judgment, a "Declaration" from Isaac Cocklin, who attests that he is also an inmate with the SCDC, and that on November 8, 2010 (while incarcerated at the Ridgeland Correctional Institution) he witnessed Plaintiff tell the Defendant Singleton that he wanted to call Ricky Richardson as a witness for his hearing, and that he heard the Defendant Singleton tell Plaintiff that it was too "late for [Plaintiff] to call a witness at this point". See generally, Cocklin Declaration.

In support of their motion for summary judgment, the Defendants have submitted an affidavit from Cathy Morgan, who attests that during the relevant time period she was employed by the SCDC as a counsel substitute at the Ridgeland Correctional Institution. Morgan attests that, as a counsel substitute, she assisted certain inmates with preparing for their disciplinary proceedings and assisted them in presenting their arguments to the Disciplinary Hearing Officer (DHO). Morgan attests that, as counsel substitute, she assisted Plaintiff with his disciplinary hearing on November 8, 2010, and that Plaintiff informed her he wanted his then cell mate, Ricky Richardson, to make a statement for the disciplinary hearing. Morgan attests that she asked Richardson if he would make a statement, but that Richardson refused to do so. Morgan attests that, in her experience as a counsel substitute, it is common for inmates to refuse to make statements for other inmates because they do not want to get involved in other inmate's disciplinary matters, and that if an inmate does not wish to make a statement, neither the counsel substitute nor the DHO will force the inmate to do so. Morgan attests that Singleton, who was the DHO at the time, did not prevent Richardson from



- 3 -

making a statement at the disciplinary hearing.  See generally, Morgan Affidavit.

The Defendant Shirley Singleton has also submitted an affidavit wherein she attests that she was the DHO at Plaintiff's disciplinary hearing held on November 8, 2010.  Singleton attests that Plaintiff denied the charge against him at the disciplinary hearing, that he did not request that Richardson be called as a witness, and that she did not prevent Richardson from making a statement at the disciplinary hearing nor did she prevent Plaintiff from calling Richardson as a witness.  See generally, Singleton Affidavit.

Finally, the Defendants have submitted an affidavit from Cynthia York, who attests that she is a Supervisor in the Classification Unit at the Kershaw Correctional Institution.  York attests that the Classification Unit in each institution maintains disciplinary records for inmates incarcerated at each institution, and that she has reviewed the disciplinary records for the Plaintiff. York attests that on November 8, 2010, Plaintiff was found guilty of a disciplinary charge, and as a result had a sentence imposed which included, inter alia, seventy days of lost good time credit. York attests that this conviction has not been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal authorized to make such determinations.  See generally, York Affidavit.[3]

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the

---

[3] An additional affidavit is attached to Defendants' reply, but is not addressed as it does not effect the ruling herein.

- 4 -



pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, Defendants argue, inter alia, that they are entitled to summary judgment in this case because Plaintiff's claim for damages is barred by Heck v. Humphrey. 512 U.S. 477, which requires that Plaintiff must first have his disciplinary conviction overturned before he can bring a damages claim under § 1983, and after careful review of the arguments and evidence presented, the undersigned is constrained to agree.

   In order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determinations, or called into question by a Federal Court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-487. Although Heck involved a conviction in a court of law, the holding in Heck is equally applicable to cases which implicate the validity of an internal prison disciplinary conviction and sanction, such as we have here. Cf. Edwards v. Balisok, 520 U.S. 641, 648 (1997)[Applying Heck to claim challenging a disciplinary proceeding.]; see Stone-Bey v. Barnes,



120 F.3d 718, 721 (7th Cir. 1997)["The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the Plaintiff's Section 1983 claim necessarily would imply the invalidity of that finding, then Heck bars the claim until such time as its requirements are satisfied"].

Concededly, there are some circumstances under which an inmate such as the Plaintiff here can challenge a disciplinary hearing where they are not challenging the fact or duration of confinement.  Cf. Roller v. Cavanaugh, 984 F.2d 120, 122 (4th Cir. 1993)[allowing § 1983 claim where suit did not challenge fact or duration of confinement]; Torres v. Fauver, 292 F.3d 141, 148-149 (3d Cir. 2002)[Recognizing that a Plaintiff may pursue a § 1983 claim challenging disciplinary proceedings when only the conditions, not the fact or duration, of his confinement are challenged]; Strader v. Troy, 571 F.2d 1263 (4th Cir. 1978) [Where an inmate challenges the application to him of certain rules or procedures, but does not argue that he is entitled to immediate release or a speedier release, he may assert such a claim in federal court under 42 U.S.C. § 1983].  However, such circumstances are not present in this case.  Although Plaintiff initially asserts in his motion for summary judgment that he is "not challenging his disciplinary conviction, but [is] challenging the violation where Defendant Singleton violated his due process [rights]", he then clearly goes on to base his claim for damages on the fact that he was found "guilty without substantial evidence" (because Singleton would not allow him to call his roommate) and thereby suffered the "loss [of] of ninety-days of good-time credits".  See Plaintiff's Motion for Summary Judgment, pp. 3-4.  Hence, Plaintiff is clearly calling into question the validity of his conviction.  See Scott v. Coleman, No. 12-1463, 2012 WL 5233519 at * 1 (8th Cir. Oct. 23, 2012)[Affirming dismissal under Heck of Plaintiff's challenge to his disciplinary proceedings that affected his loss of good time credits]; cf. Pierce v. Freeman, No. 95-7031, 1997 WL 467533 at * 2 (4th Cir. Aug. 15, 1997)[Noting that a

- 6 -



claim by a prisoner that he was not allowed to present witnesses in his defense at his disciplinary hearing "are of the sort that, if proven, would imply the invalidity of the prisoner's deprivation and are consequently barred under the rule announced in Heck"]; see also Edwards, 520 U.S. at 648 [A "claim for . . . money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily implied the invalidity of the punishment imposed, is not cognizable under § 1983"].

The evidence before the Court clearly shows that Plaintiff's disciplinary conviction, for which he received a loss of good time credits, has not been reversed or overturned. See York Affidavit. Plaintiff's claim for monetary damages under § 1983 is therefore subject to dismissal. Pierce, 1997 WL 467533 [holding that a prisoner cannot proceed on a § 1983 claim challenging the validity of a disciplinary proceeding resulting in the deprivation of good-time credits].

## **Conclusion**

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied**, that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice. Heck, 512 U.S. at 488-487.

The parties are referred to the Notice Page attached hereto

March 5, 2013                                              Bristow Marchant
Charleston, South Carolina                       United States Magistrate Judge



- 7 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



- 8 -