IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, #303575, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Associate Warden Shirley Singleton; )<br>Warden Levern Cohen; Director )<br>William R. Byars, Jr., individually )<br>and in their official capacities, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 9:11-2296-MGL |

Vernon Samuel Brown ("Plaintiff"), an inmate with the South Carolina Department of Corrections ("SCDC") currently housed at Kershaw Correctional Institution in Kershaw, South Carolina, proceeding pro se brings this action pursuant to 42 U.S.C. § 1983[1]. Plaintiff alleges that his due process rights were violated during disciplinary proceedings because he was not allowed to call his then-cellmate as a witness. Plaintiff seeks monetary damages for his alleged constitutional violations. Defendants deny Plaintiff's constitutional rights have been violated.

In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e) for the District of South Carolina, the within action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On November 14, 2012, Plaintiff filed a Motion for Summary Judgment (ECF No. 47). Defendants filed a Motion for Summary Judgement and opposition to Plaintiff's motion on February 4, 2013. (ECF No. 57). On March 5, 2013, the Magistrate Judge filed a Report and Recommendation ("Report") recommending that the Court deny

---

[1] Plaintiff was housed at Ridgeland Correctional Institution in Ridgeland, South Carolina at the times relevant to this action.

Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (ECF No. 67). Petitioner filed objections to the Report on March 18, 2013. (ECF No. 69). The Report sets forth the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

### Standard of Review

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The district court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005).

### Discussion

After considering the parties' submissions, the Magistrate Judge determined that Plaintiff was challenging his disciplinary conviction, and that this case is barred by *Heck v. Humphry* which

requires that a Plaintiff must first have his disciplinary conviction overturned before he can bring a damages claim under § 1983. *Heck v. Humphry*, 512, U.S. 477 (1994). The Magistrate Judge also recommended the Court deny Plaintiff's Motion for Summary Judgment due to Plaintiff's failure to present evidence sufficient to show that there is no genuine issue of material fact.

Plaintiff filed objections to the Report. The Court notes that Petitioner has failed to make any specific objections to the Report as required by 28 U.S.C. § 636(b)(1). Plaintiff's objections merely reargue and restate the issues that were set forth in his petition. Therefore, the objections lack specificity to trigger de novo review and will not be addressed. *See Smith v. City of N. Charleston*, 401 F. Supp.2d 530 (D.S.C. 2005.) The issues and objections were correctly addressed by the Magistrate Judge.

## CONCLUSION

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the Court agrees with the conclusions of the Magistrate Judge and is satisfied that the Magistrate Judge rightly determined that Plaintiff has no claim for relief under § 1983. The Court finds Petitioner's objections to be without merit. For the reasons set forth more fully in the thorough Report of the Magistrate Judge, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED.** Accordingly, the Court adopts and incorporates the Report and Recommendation by reference in this Order.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

May 31, 2013
Spartanburg, South Carolina